UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>Hao He a/k/a Jimmy He,<br><br>　　　　　　　Defendant. | Civil Action No.<br><br>_____ |

# COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

The plaintiff Securities and Exchange Commission ("Commission") files this Complaint and alleges as follows:

1. This matter involves insider trading in the securities of Sina Corporation ("Sina"), a foreign private issuer headquartered in Shanghai, China. On November 13, 2012 and November 14, 2012 — the two days prior to Sina's third quarter 2012 earnings announcement — Defendant Hao He a/k/a Jimmy He ("He") purchased approximately $162,000 in short-term, put option contracts, expiring on November 17, 2012, based on material nonpublic information obtained by He. Given the cost of the purchase, the stock price of Sina had to decline within the term of the options for the purchase to be profitable.

1

2. On November 15, 2012, after the market closed, Sina issued an announcement noting that it had beaten analyst forecasts for third quarter earnings, but also announced unexpected negative guidance for the fourth quarter. As a result of this negative guidance, the stock substantially declined the next trading day, opening November 16, 2012 at $48.60, down approximately 8.5% from its prior day's close of $53.10.

3. Later that day, on November 16, 2012, He sold all of his put option contracts for a substantial profit, more than doubling his put option "investment" in Sina.

4. Defendant He has engaged in, and unless restrained and enjoined by this Court, will continue to engage in acts and practices which constitute or will constitute violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

5. The Commission brings this action pursuant to Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78u(e)] to enjoin Defendant He from engaging in transactions, acts, practices and courses of business alleged in this Complaint, and transactions, acts, practices, and courses of business of similar purport and object, for disgorgement of illegally obtained funds and prejudgment

interest thereon, for civil monetary penalties against Defendant He, and other equitable relief.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this action pursuant to Sections 21(d), 21(e) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa].

7. Defendant He, directly and indirectly, has made use of the mails and the means and instrumentalities of interstate commerce in connection with the transactions, practices and courses of business alleged in this Complaint.

8. Venue lies in this Court pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa].

## DEFENDANT AND OTHER PERSONS OR ENTITIES

9. <u>Defendant Hao He</u> was and is a resident of Lakeland, Tennessee with an MBA degree from the University of Chicago. He is also the sole owner and officer of Torin Drive International LLC ("Torin Drive"), a closely-held corporation, based in Memphis, Tennessee with suppliers in China.

10. <u>Sina Corporation</u> is a foreign private issuer headquartered in Shanghai, China and incorporated in the Cayman Islands. Sina is an online media company targeted towards Chinese communities around the world. Sina's common stock is registered with the Commission pursuant to Section 12(b) of the Exchange Act and is traded on NASDAQ. Sina files periodic reports, including Forms 20-F and 6-K,

with the Commission pursuant to Section 13(a) and 15(d) of the Exchange Act and related rules thereunder.

## **DEFENDANT HE ENGAGES IN INSIDER TRADING IN SINA**

11.  Prior to November 13, 2012, He had engaged in minimal securities or options trading.

12.  Between on or about October 10, 2012 and November 5, 2012, He traveled to Shanghai, China, the headquarters of Sina.  On or about November 5, 2012, He returned to the United States, shortly after which he had several telephone conversations with an unknown person or persons in China.

13.  During his visit to China and/or during those subsequent phone calls, He obtained material, nonpublic information concerning Sina's upcoming future guidance, directly or indirectly, from a Sina officer, director, corporate insider or other person with a duty of trust and confidentiality to Sina's shareholders.  Such information was provided by the tipper to He with an expectation of personal benefit from the disclosure.

14.  Alternatively, during his visit to China and/or during those subsequent phone calls, He misappropriated material, nonpublic information concerning Sina's upcoming future guidance from a person with knowledge of such information and to whom He owed a duty of trust and confidence.

15.  Based upon that material, nonpublic information, on November 13, 2012, He purchased 50 Sina November put option contracts, expiring on November 17, 2012, for a total cost of $17,548.13.

16.  If exercised, the put options would entitle He to sell Sina shares at a specified price.  Given the cost of the purchase, the stock price of Sina had to decline within the term of the options for the purchase to be profitable.

17.  On November 14, 2012, He had his company, Torin Drive, transfer $300,000 to his account.  Later that same day, based upon the material, nonpublic information, He purchased 200 Sina additional November put option contracts, expiring on November 17, for a total cost of $144,163.19.  Given the cost of the purchase, the stock price of Sina had to decline within the term of the options for the purchase to be profitable.

18.  He knew or recklessly failed to know that the information he had obtained and upon which he had traded was material and nonpublic.

19.  He knew or was reckless in not knowing that the information upon which he had traded was provided to him in breach of a duty of trust and confidence.  Alternatively, He knew or was reckless in not knowing that such information was expected to be maintained as confidential and not be misused, but, in breach of his duty of trust and confidence to the disclosing person, He

5

misappropriated the information for his own use by trading in Sina securities based on that information.

20. On November 15, 2012, after the market closed, Sina released earnings that beat analyst forecasts for the third quarter of 2012, but unexpectedly gave weak fourth quarter guidance, well short of analyst expectations. This resulted in a downgrade in Sina's stock.

21. When the markets opened on November 16, 2012, Sina's stock price declined approximately 8.5%, opening at $48.60 compared to the previous day's close of $53.10. Sina's stock price continued to decline during the day, ultimately closing at $45.06.

22. Following the decline in the stock price, He sold all of his 250 put option contracts on November 16, 2010 for $331,530.83, generating illicit profits of $169,819.10.

**COUNT I**
**FRAUD**
**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5]**

23. Paragraphs 1 through 22 are hereby realleged and are incorporated herein by reference.

24. In connection with the purchase and sale of securities described herein, Defendant He, by the use of the means and instrumentalities of interstate commerce and by use of the mails, directly and indirectly:

  a) employed devices, schemes, and artifices to defraud;

  b) made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

  c) engaged in acts, practices, and courses of business which would and did operate as a fraud and deceit upon the purchasers of such securities, all as more particularly described above.

25. Defendant He knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud, and engaged in fraudulent acts, practices and courses of business.

26. By reason of the foregoing, Defendant He, directly and indirectly, has violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully prays that the Court:

I.

Make findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.

II.

Issue a permanent injunction enjoining Defendant He and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, and each of them from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

III.

Issue an Order requiring Defendant He to disgorge all ill-gotten gains arising from Defendant He's trading in the securities of Sina, as alleged in the Commission's Complaint, plus pay prejudgment interest thereon.

IV.

Issue an Order requiring Defendant He, pursuant to Sections 21(d)(3) and 21A of the Exchange Act [15 U.S.C. §§ 78u(d)(3) and 78u-1], to pay a civil monetary penalty.

V.

Grant such other and further relief as may be necessary and appropriate.

Dated:  February 6, 2014

                         Respectfully submitted,

                         /s/ Paul Kim
                         Paul Kim
                         Senior Trial Counsel
                         Georgia Bar No. 418841
                         kimpau@sec.gov

                         M. Graham Loomis
                         Regional Trial Counsel
                         Georgia Bar No. 457868
                         loomism@sec.gov

COUNSEL FOR PLAINTIFF
U.S. SECURITIES AND EXCHANGE COMMISSION
Atlanta Regional Office
950 East Paces Ferry Road, N.E.
Suite 900
Atlanta, Georgia  30326-1382
Tel:  (404) 842-7600
Fax:  (404) 842-7633